# MoTion For Leave To File

78,163-03

NO. D-1-DC-12-904008-A ? In The Court of

CCA NO. WR-78,163-02 ? Criminal Appeals of

? The State of Texas

?

?

To The Honorable Judges of The Court of Criminal Appeals:

Comes Now: Jose Molina TDCJ#1808941 Applicant In The Above Entitled Numbered Cause And Respectfully Moves This Court Pursuant To Texas Rule of Appellate Procedure 72.1 To Grant Leave To File The Accompanying Original Petition For Writ of Mandamus.

Respectfully Submitted
Jose Molina TDCJ#1808941
Manuel Segovia Unit
1201 E. El Cibolo Rd
Edinburg, Tx 78542

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 23 2015

Abel Acosta, Clerk

| | |
|---|---|
| Texas Board of Pardons and Paroles (Respondent) | § In The Court of Criminal Appeals of The State of Texas |
| | § |
| | § |
| | § |

To The Honorable Judges of The Court of Criminal Appeals:

Comes Now Jose Molina TDCJ#1808941 Relator and Files This Application for Writ of Mandamus Directing The Board of Pardons and ~~Pardons~~ Paroles To Grant Relief Requested in Cause No. D-1-DC-12-904008-A Styled Writ of Habeas Corpus in which Relator was Denied Mandatory Supervision in Support of This Application Relator Shows The Court The Following. On Feb 18th 2015 Relator was Reviewed By The Board of Pardons and Paroles for Discretionary Mandatory Supervision Then on April 17 2015 The Board of Pardons and Paroles Voted To Deny Mandatory Supervision. Relator Filed A Writ of Habeas Corpus in Cause No. D-1-DC-12-904008-A and was Transmitted To The Court of Criminal Appeals on August 21st 2015.

The Texas Board of Pardons and Paroles Failure To Act As Requested By Relator is A Failure To Perform A Ministerial Function Under The Facts of This Case Because As Set Forth on The Writ of Habeas Corpus. Under 508.149 if An Inmate has Ever Been Convicted of Any Crimes Under 508.149 Criminal Code Inmate Is Ineligible For Mandatory Supervision. Relator has No Conviction Under 508.149 TX Govt Code Ann/ Also Under 508.145 Rule/served Sufficient Time As Requested By Law, Is Not A Risk To The Public/and meets Work Programs Participation, and Behavior Standards. Relator has No Major Disciplinary Write-Ups Since Being In Texas Dept. of Criminal Justice and has No violent Convictions. The Parole Panel Must Justify Non-Release And has less Discretion on Mandatory Supervision. Parol Panel has Two Statutory Findings if No Finds Are Made Under Due-Process An Eligible Inmate Must Be Release To Mandatory Supervision. Thus The Mandatory Supervision Statues vest A Liberty Intrest in The Eligible Inmate And The Statutory Presumption is Slanted Toward Release Parole Panel Must Justify Non-Release. Relators Release should Not have been percluded By The Parole Panel. Under Legislative Laws. Relator Should have Been granted Mandatory Supervision On June 16th 2015.

(2)

The Relator has No Adequate Remedy at Law To Pursue the Requested Relief other than this Application

This Court has Jurisdiction to Issue a writ of Mandamus in This cause under Article 5 Section 5 of The Texas Constitution and Article 4.04 of The Code of Criminal Procedure.

Wherefore Relator prays the Court grant This Application and Issue a writ of Mandamus Directing The Board of Pardons and Paroles (Respondent) to grant Release on Mandatory Supervision.

Respectfully Submitted
Jose Molina #1808941
Manuel Segovia Unit
1201 E. El Cibolo Rel
Edinburg, TX 78542

(3)